CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 19 2013

JULIA C. DUDLEY, CLERK
BY: /s/ J. Moody
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GREGORY SCOTT KEFFER, | ) | |
| | ) | Civil Action No. 7:12CV00524 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | By: Honorable Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Gregory Scott Keffer, was born on August 11, 1962, and eventually completed his high school education. Mr. Keffer has worked primarily as a pipe fitter. He last worked on a regular and sustained basis in 2007. On October 18, 2007, plaintiff filed an application for a period of disability and disability insurance benefits. Mr. Keffer alleged that he became disabled for all forms of substantial gainful employment on June 4, 2007, due to low back problems, arthritis, and degenerative disc disease. Plaintiff now maintains that he has remained disabled to the present time. The record reveals that Mr. Keffer met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally 42 U.S.C. §§ 416(i) and 423(a).

Mr. Keffer's application for benefits was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated September 20, 2010, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mr. Keffer suffers from severe impairments on the bases of a back disorder status post fusion surgery in the 1980s; asthma; knee pain; and a history of polysubstance abuse. (TR 31). While the Law Judge noted that plaintiff also suffers from a mental impairment, she determined that the impairment is "nonsevere." (TR 32). Because of his severe impairments, the Law Judge ruled that Mr. Keffer is unable to perform his past relevant work as a pipe fitter. However, the Law Judge held that plaintiff retains sufficient functional capacity to perform a limited range of light work activity. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), with the following exceptions: the claimant requires the option to briefly change position in place once each hour, can not [sic] perform climbing, can only perform posturals occasionally, can not [sic] operate dangerous machinery, can not [sic] work directly with the public, but can work with others, and is limited to simple, non-complex tasks due to intermittent reductions in concentration, secondary to pain.

(TR 36-37). Given such a residual functional capacity, and after considering Mr. Keffer's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge ruled that plaintiff retains sufficient functional capacity to perform several specific light work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Keffer is not disabled, and that he is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Keffer has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's denial of plaintiff's application is supported by substantial evidence. The Law Judge determined that Mr. Keffer retains sufficient functional capacity to perform light work activity. Based on the medical record presented to the Law Judge, the court believes that the Law Judge reasonably determined that Mr. Keffer retains sufficient <u>physical</u> capacity to perform light work activity, at least as of the time of the Law Judge's opinion. The difficulty in this case concerns plaintiff's emotional impairments.

At the time of the administrative hearing, the Administrative Law Judge stated that she would "leave the record open" for additional medical evidence, consisting of reports from plaintiff's treating physicians. (TR 115). Several months after the Law Judge rendered her opinion, Mr. Keffer submitted a number of new reports from his treating physician, Dr. Jeremy H. Freeman. Included in the new submissions was a psychological report from Dr. John Heil, a licensed clinical psychologist. Based on a clinical evaluation and psychological testing results, Dr. Heil diagnosed significant depression and anxiety. The psychologist opined that many of plaintiff's symptoms are

3

psychosomatic, and that plaintiff's complaints of pain are due, in substantial measure, to his anxiety levels. (TR 611). Dr. Heil reported that plaintiff's psychological disorder is under reported by plaintiff, and that there is a further possibility of undiagnosed severe mental illness. (TR 612). The psychologist reported that Mr. Keffer's anxiety and depression result in a severe impact on his medical and functional status, as well as a severe impact on psychological functioning and well-being. (TR 611).

As indicated above, in denying plaintiff's claim, the Administrative Law Judge did not have the benefit of the new reports from plaintiff's treating physicians, including the psychological study from Dr. Heil. For that matter, the state agency medical providers, upon whose opinions the Law Judge relied in finding a "nonsevere" mental impairment, did not have the opportunity to review Dr. Heil's findings. However, the new evidence was submitted to the Social Security Administration's Appeals Council. While noting receipt of the new medical exhibits, the Appeals Council adopted the Law Judge's opinion as the final decision of the Commissioner, without mentioning the new evidence, or indicating what weight was accorded to the new reports.

Assuming that the new medical reports submitted by Mr. Keffer directly to the Appeals Council are best characterized as new evidence, the court believes that plaintiff has established "good cause" for remand of his case to the Commissioner for further consideration on the merits. In Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985), the United States Court of Appeals for the Fourth Circuit summarized the standards under which a motion for remand based on new evidence must be considered:

> A reviewing court may remand a Social Security case to the Secretary on the basis of newly discovered evidence if four prerequisites are met. The evidence must be "relevant to the determination of disability at the time the application was first filed

4

and not merely cumulative." Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983). It must be material to the extent that the Secretary's decision "might reasonably have been different" had the new evidence been before her. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Sims v. Harris, 631 F.2d 26, 28 (4th Cir. 1980). There must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary, 42 U.S.C. § 405(g), and the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. King, 599 F.2d at 599.

777 F.2d at 955.

In the instant case, the new medical evidence was received by the Appeals Council. Apparently, the new evidence was submitted after the Law Judge had agreed to receive additional reports. Thus, there is no question as to the nature of the evidence, nor is there any concern as to the failure to submit the evidence when the claim was before the Commissioner. Moreover, since the psychological report was completed only a few weeks after the Law Judge rendered her opinion in the case, the court believes that any reasonable consideration of the psychological study supports the notion that the findings relate to the same complaints and symptoms that Mr. Keffer has experienced for many years. As to the final element of the Borders inquiry, the court also notes that the psychologist specifically opined that plaintiff's emotional problems could be expected to result in significant functional impact. Without question, the new evidence is not consistent with the Law Judge's finding of no severe mental impairment. Thus, it is quite plausible that the Commissioner's final decision would have been different had the Administrative Law Judge been given the opportunity to consider the reports submitted directly for consideration by the Appeals Council. Assuming that the new reports in this case are best characterized as new medical evidence, and considering the Borders factors, the court believes that plaintiff has established "good cause" for remand of his case to the Commissioner for further and more detailed consideration of that evidence.

The court recognizes that the new submissions by plaintiff might arguably fall in a somewhat different category, inasmuch as the reports were first provided to the Appeals Council, and were actually referenced by the Appeals Council in its denial of plaintiff's request for review. The court notes that the United States Court of Appeals for the Fourth Circuit was recently presented with a similar procedural scenario in the case of Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011). In that case, the court made the following comments as to the assessment to be given to evidence submitted to the Appeals Council for its consideration in determining whether to review the opinion of an Administrative Law Judge:

> On consideration of the record as a whole, we simply cannot determine whether substantial evidence supports the ALJ's denial of benefits here. The ALJ emphasized that the record before it lacked "restrictions placed on the claimant by a treating physician," suggesting that this evidentiary gap played a role in its decision. Meyer subsequently obtained this missing evidence from his treating physician. That evidence corroborates the opinion of Dr. Weissglass, which the ALJ had rejected. But other record evidence credited by the ALJ conflicts with the new evidence. The Appeals Council made the new evidence part of the record but summarily denied review of the ALJ decision. Thus, no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record. Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance. Therefore, we must remand the case for further fact finding.

662 F.3d at 707.

In the instant case, no fact finder has undertaken to determine whether the medical findings made only weeks after the Administrative Law Judge's decision were such as to reasonably support a finding of residual functional capacity for up to light levels of work. The court finds "good cause" for remand of this case to the Commissioner for such consideration.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further development, including consideration of the new evidence submitted during

6

the period between the issuance of the Administrative Law Judge's opinion and the adoption of such opinion as the final decision of the Commissioner by the Social Security Administration's Appeals Council. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record as supplemented by the new medical evidence, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present further evidence and argument. An appropriate order of remand will be entered this day.

The clerk is directed to send certified copies of this opinion to Mr. Keffer and counsel for the defendant.

DATED: This 19th day of June, 2013.

*Glen Conrad*
Chief United States District Judge